IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| DAMIAN & RHONDA STITES, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:14-CV-00164-RWS |
| MARTIN MARIETTA | : | |
| MATERIALS, INC., | : | |
| | : | |
| Defendant. | : | |

## ORDER

This case comes before the Court on Martin Marietta Materials, Inc.'s

Motion for Summary Judgment [37].  After reviewing the record, the Court

enters the following Order.

## Background

This personal injury action arises out of a motorcycle accident on a

public road.  Plaintiffs Damian and Rhonda Stites (collectively, "the Stites")

brought this negligence action in the Superior Court of Jackson County against

Martin Marietta Materials, Inc. ("Martin Marietta").  (Compl., Dkt. [1-1].)

Defendant removed the action to this Court.  (Dkt. [1].)  Plaintiffs allege that

Defendant's failure to exercise ordinary care caused Plaintiffs' motorcycle

accident and resulting injuries.  As this case comes before the Court on

Defendant's Motion for Summary Judgment, the Court considers the

undisputed facts in a light most favorable to Plaintiffs.

On April 2, 2013, Plaintiffs were involved in a motorcycle accident

while traveling on New Salem Church Road in Jefferson, Georgia.  Plaintiff

Damian Stites was driving the motorcycle with his wife, Rhonda Stites, as a

passenger when he drove into a patch of gravel located at the intersection of

New Salem Church Road and Quarry Road.  The gravel was thick and

concentrated in one area.  Plaintiffs' motorcycle came to an abrupt stop.

Plaintiffs were launched from the motorcycle and sustained injuries as a result

of their impact with the road.

Defendant Martin Marietta operates the Jefferson Quarry, located at 360

Quarry Road, Jefferson, Georgia.  Martin Marietta's property line crosses

Quarry Road approximately 1,700 feet away from the intersection of Quarry

Road and New Salem Church Road, which is a public road.  New Salem

Church Road is heavily traveled and is used extensively by truck traffic.  Three

concrete plants and a cement terminal are located along New Salem Church

Road.  Additionally, Vulcan Materials Company operated another quarry less

AO 72A
(Rev.8/82)

than a mile and a half away from the Jefferson Quarry and sold rock to one or more of the concrete plants on New Salem Church Road.

Martin Marietta does not own or operate trucks to transport rock matter out of the Jefferson Quarry. Rather, Martin Marietta's customers bring their own trucks to the Jefferson Quarry. At the Quarry, customers pick up rock aggregate and each truck is weighed before leaving. If the weight exceeds that permitted by Georgia law, the scale house computer does not issue a scale ticket. The customer must then dump the excess aggregate to reduce its weight and be issued a scale ticket. Additionally, Martin Marietta represents that it does not load or issue scale tickets to customers that allow aggregate to spill from the truck. Martin Marietta customers pay for the material at the scale house, prior to leaving Martin Marietta's property.

The Stites testifed that the gravel that caused their accident was so thick that it was difficult to walk on and was similar to a runaway truck ramp. Mrs. Stites testified that the gravel did not appear to have been on the road for very long before the accident. The Stites thought that the gravel may have been spilled very recently, even just prior to them riding down the road. The Stites are not Martin Marietta's customers and they were not traveling on New Salem

3

Church Road for the purpose of conducting business with Martin Marietta.

Defendant has moved for summary judgment.  The Court now takes up its motion.

## Discussion

### I.    **Legal Standard**

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257

4

(1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply

show there is some metaphysical doubt as to the material facts").

## II.   **Analysis**

Defendant moves for summary judgment, arguing principally that no reasonable trier of fact could conclude that Martin Marietta was responsible for Plaintiffs' accident.  Defendant argues that it is entitled to judgment as a matter of law on Plaintiffs' negligence claim because it did not have a duty to maintain a public road and because it did not spill gravel or know of a gravel spill on New Salem Church Road.  For the reasons that follow, the Court agrees that Defendant is entitled to summary judgment.

In Georgia, the essential elements of a cause of action for negligence are: (1) a legal duty; (2) a breach of this duty; (3) an injury; and (4) a causal connection between the breach and the injury.  Morton v. Horace Mann Ins. Co., 639 S.E.2d 352, 355 (Ga. Ct. App. 2006) (citations and quotations omitted).  "To establish a negligence claim, a plaintiff must come forward with specific facts establishing the elements of negligence as to each defendant, and may not rest upon generalized allegations."  Piedmont Hospital, Inc. v. Reddick, 599 S.E.2d 20, 26 (Ga. Ct. App. 2004).  Negligence "may not be presumed, but must be affirmatively proven, and in the absence of such proof,

6

we must presume performance of duty and freedom from negligence." <u>Davis v.</u> <u>Sykes</u>, 593 S.E.2d 859, 860 (Ga. Ct. App. 2004) (citations and quotations omitted). "It is axiomatic that the mere fact that an accident happened and the plaintiff may have sustained injuries or damages affords no basis for recovery against a particular defendant unless the plaintiff carries the burden of proof and shows that such accident and damages were caused by specific acts of negligence on the part of that defendant." <u>Smith v. Morico</u>, 305 S.E.2d 465, 466 (Ga. Ct. App. 1983) (citations and quotations omitted).

Defendant argues that Georgia law establishes that it had no duty to Plaintiffs. Defendant further argues that Plaintiffs have failed to come forward with sufficient evidence to establish breach or causation. Without deciding whether Georgia law imposed a duty, the Court agrees with Defendant that Plaintiffs have failed to point to any evidence in the record that would allow a reasonable trier of fact to find that the accident and damages were caused by specific acts of the Defendant.

Under Georgia law, "[o]n the issue of the fact of causation, as on other issues essential to the cause of action for negligence, the plaintiff, in general, has the burden of proof. The plaintiff must introduce evidence which affords a

7

reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant." Head v. Sears Roebuck & Co., 233 Ga. App. 344, 345 (1998) (internal modifications and citations omitted).  Additionally, "[i]t is a well settled principle of negligence law that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence."  Wilkerson v. Alexander, 208 Ga. App. 83, 85 (1993) (quoting Franklin v. Elmer, 174 Ga.App. 839(1), 842 (1985)).   While Plaintiffs claim that "[t]here is certainly enough evidence to support a finding the stone that caused the Stites' accident came from the Jefferson Quarry," Plaintiffs point to no specific facts that support that inference.  (Pls.' Br. in Opp'n to Def. Martin Marietta's Mot. for Summ. J. ("Pls.' Opp'n Br."), Dkt. [45] at 18.)  Rather, Plaintiffs respond to Defendant's motion on this point with generalized arguments based on the doctrine of *res ipsa loquitor*.

As the Georgia Court of Appeals has explained:

> The elements of the res ipsa loquitur doctrine are: (1) injury of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff. Further, the accident must also be of a kind which, in the absence of proof of some external cause, does not ordinarily happen without negligence. Moreover, res ipsa loquitur should be applied with caution and only in extreme cases; it is not applicable when there is an intermediary cause which produced or could produce the injury, or where there is direct unambiguous testimony as to the absence of negligence by the defendant, or where there is no fair inference that the defendant was negligent.

U.S. Fidelity & Guar. Co. v. J. I. Case Co., 432 S.E.2d 654, 657 (Ga. Ct. App. 1993) (citations and quotations omitted).  Here, Plaintiffs' *res ipsa* theory fails on virtually all counts.  First, motorcycle accidents do not normally occur only in the absence of negligence.  "A motorcycle by its nature subjects the rider to a greater risk of injury than other forms of transportation."  Hunt v. Harley-Davidson Motor Co., 147 Ga. App. 44, 46 (1978).  Additionally, the evidence in this case shows that "[l]oose gravel is the most frequent cause of single motorcycle accidents."  (Ex. 4 to Pls.' Opp'n Br. (McNatt Aff.), Dkt. [45-4] at 4.)  Second, the gravel on New Salem Church Road was not in the exclusive control of Defendant, as anyone traveling along the public road could have

spilled it there and had subsequent access to it.  And finally, this is not an "extreme" case where no external cause could affect the outcome.  There are any number of intermediary causes that could have produced the injury.  Thus, the doctrine of *res ipsa loquitor* is unavailable to Plaintiffs, and because they have failed to point to any specific facts in the record regarding causation, Defendant is entitled to summary judgment.  See <u>Matsushita</u>, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

Accordingly, the Court concludes that no reasonable trier of fact could find, based on the evidence in the record, that Martin Marietta acted negligently to cause Plaintiffs' motorcycle accident.  Defendant's Motion for Summary Judgment is **GRANTED**.

## Conclusion

In light of the foregoing, Defendant Martin Marietta Materials, Inc.'s Motion for Summary Judgment [45] is **GRANTED**.

**SO ORDERED**, this 25th day of March, 2016.

_____
**RICHARD W. STORY**
United States District Judge

10